■ CHELSEA PIERS MANAGEMENT, INC., Respondent-Appellant, v DIANA CHAPIN, as Executive Director of the New

York City Water Board, et al., Appellants-Respondents. [777 NYS2d 97]—

Order and judgment (one paper), Supreme Court, New York County (Ronald A. Zweibel, J.), entered March 12, 2003, which, in a proceeding to annul a determination of respondent City Department of Environmental Protection (DEP), affirmed by respondent City Water Board, rescinding a credit of $218,525.63 issued by DEP for sewer rents paid by petitioner, granted petitioner's application and remanded the matter for further proceedings in accordance with the court's decision, unanimously modified, on the law, to vacate the remand and direct reinstatement of the credit, with interest, and otherwise affirmed, without costs.

Upon petitioner's taking possession of the subject property under a long-term lease with a state agency, DEP advised petitioner that the property was connected to "the sewer system," although it could not confirm that the connection was in compliance with applicable rules and regulations. Some four years later, after petitioner had paid sewer rents totaling $218,525.63, DEP ascertained that wastewater from the property was not being emptied into the City's sewers. There appears to be no dispute that this circumstance was not known by petitioner, and due entirely to DEP's error many years before in connecting the property's wastewater lines not to the City's wastewater sewers but to its storm sewers.

At first, DEP credited petitioner with the sewer rents it had paid on the ground that petitioner did not have to pay for a service it did not receive. Then, DEP revoked the credit on the ground that petitioner was required to pay all "wastewater charges" regardless of whether it was connected to the "wastewater system," citing the Water Board's Water and Wastewater Rate Schedule (15 RCNY, Appendix A, part III [1] [A] [owner of property connected or required to be connected to the wastewater system, and any person benefitting from the use of services furnished or made available by the wastewater system, shall pay wastewater charges for the use of services furnished or made available by the wastewater system; if not connected but required to be connected, charges to be assessed retroactively to the date property was required to be connected];

*but see* General Municipal Law § 451 [1] [defining "sewer rents" as charges imposed "for the use of a sewer system"]; Administrative Code of City of NY § 24-514 [b] [1] [imposing a "sewer rent or charge" on owners of real property connected to "sewer system"]; 29 Ops St Comp No. 1190 [1973] [well settled that sewer rents must be based on actual use of sewer system "and therefore may be charged only against properties connected to the sewer system"]). Then, on an administrative appeal, the Water Board suggested that the charges were reimposed so as not to "reward" an "illegal disconnection from the sewer system." Directed to explain themselves on remand from a CPLR article 78 proceeding, respondents stated that since the intent of the above regulation is, inter alia, "to remove any financial incentive to disconnect from the sewer system . . . the charges are imposed even where an owner claims to have no knowledge of an illegal disconnection or where there is no evidence that could establish that an owner affirmatively disconnected itself from the wastewater system." In the second article 78 proceeding that followed, respondents argued, for the first time, that the credit was revoked because petitioner had used sewer services by discharging waste into a storm drain (*but see* 28 Ops St Comp No. 318 [1972] [terms "sewer system" and "sewage" as used in General Municipal Law article 14-F "are limited only to *sanitary* sewer facilities and would not encompass a separate storm sewer system"]).

Thus, at the administrative level, respondents took the position that petitioner was required to pay sewer rents because although not connected to the sewer system, it was, by virtue of Water Board regulation, required to be connected; in the instant article 78 proceeding, respondents argue that the storm drain to which the property was erroneously connected in the 1960s is part of the sewer system and that petitioner therefore received the wastewater services for which it had been charged. While the State Comptroller would disagree with respondents' argument that storm drains are part of the sewer system, we annul because, first, such argument was not made in any of respondents' administrative decisions (*see Matter of Consolidated Edison Co. v Public Serv. Commn.*, 63 NY2d 424, 441 [1984], *appeal dismissed* 470 US 1075 [1985]), and second, under General Municipal Law § 451 (1) and Administrative Code § 24-514 (b) (1), sewer rents must be based on actual use and charged only to owners.

Since reinstatement of the credit does not require discretionary administrative action, we modify to vacate the remand and direct reinstatement of the credit. Concur—Mazzarelli, J.P., Saxe, Sullivan, Lerner and Gonzalez, JJ.